I must respectfully dissent, as I feel that the trial court's decision in this case was not supported by substantial, credible evidence. In order to make a valid investigatory stop, a police officer must have a reasonable suspicion that a civilian is engaged in criminal activity.State v. Andrews (1991), 57 Ohio St.3d 86, 87, citing Terryv. Ohio (1968), 392 U.S. 1, 20 L.Ed.2d 889. The propriety of a stop must be assessed in light of the totality of the surrounding circumstances as viewed through the eyes of a reasonable police officer who must confront those circumstances on the scene. State v. Andrews,57 Ohio St.3d at 87-88. An officer's belief that the subject is engaged in criminal activity cannot be justified by mere intuition, but must instead be grounded in specific, articulable facts and such rational inferences as may be drawn from those facts.Terry v. Ohio (1968), 392 U.S. at 21-22,20 L.Ed.2d at 906-07.
The facts of this case would not lead a reasonably prudent police officer to conclude that Defendant was committing a crime. Specifically, Officer Clark testified that he observed that Defendant's rear license plate was unlighted as he glanced in the rearview mirror of his police cruiser. Officer Clark and Defendant were driving in opposite directions at a speed of approximately thirty-five miles per hour. Defendant complied immediately when Officer Clark initiated the stop. Officer Clark made no effort once the cars were stopped to determine whether the license plate was in fact unlighted.
Given the totality of the circumstances in this case, I cannot agree that Officer Clark had a reasonable suspicion that Defendant was engaged in criminal activity. Accordingly, I disagree with the majority's conclusion that Officer Clark had probable cause to believe that Defendant was in violation of Codified Ordinances of Sheffield Lake 438.04(b).
I respectfully dissent.